| UNITED STATES DISTRICT COURT | |
|---|---|
| WESTERN DISTRICT OF NEW YORK | |

|  | **Hon. Hugh B. Scott** |
|---|---|
|  | 95CV7580[1] |
| IN RE ABRASIVE GRAIN ANTITRUST LITIGATION. | CONSENT |
|  | **AMENDED Order** |

Plaintiffs have filed a motion for an Order authorizing disposition of the balance of the settlement fund and termination of this action (Docket No. 170[2]). Responses were due on or before July 20, 2007, with any reply due on or before August 3, 2007 (Docket No. 171), with the motion then deemed submitted without oral argument unless otherwise determined by the Court upon review of the papers (id.). Defendants submitted timely responses to this motion (Case No. 95cv7580, Docket No. 172 (the Exolon Company and Washington Mills Electro-Minerals Company); Case No. 95cv7574, Docket No. 146 (Norton Company)), both stating that they did not oppose plaintiffs' motion for distribution of the settlement funds and for termination of this action. This Court issued an Order on this motion (Case No. 95cv7580, Docket No. 173) and this Order amends that previous Order.

I.  Settlement Administration

Plaintiffs outline the distribution of $1,852,501.75 in cash and $5,600,000 in credit certificates to class members and their inability to send a check to one class member, BCC

---

[1] Also listed under former civil number 95CV7574.

[2] In support of this motion, plaintiffs' counsel filed their memorandum of law, No. 170, and sent to chambers a proposed Order.

Products, for $60.12 (Docket No. 170, Pl. Memo. at 1, Ex. A, Edward Sincavage Aff.). A reserve fund was created for possible tax liability of $25,000 which turned out not to be used (id.). Now plaintiffs seek an Order distributing $25,060.12 that remains in the settlement fund.

Defendants do not object to plaintiffs' account of the settlement administration.

Therefore, the rights of class member BCC Products, Inc., to the settlement funds **is terminated** as of the date of this Order. All claims, whether by class members or others, which may have been brought against the settlement fund **are hereby forever barred**. The Court shall retain jurisdiction of this matter to resolve any issues relating to the implementation of the terms of the Settlement until **June 30, 2010**, six months following the expiration of the last coupons.

## II. Settlement Fund Distribution

Plaintiffs' counsel recommend donating the remaining balance of settlement fund to one or more charitable organizations of the Court's choosing, without suggesting an organization (Docket No. 170, Pls. Memo. at 2). Defendants Washington Mills and Exolon suggest two organizations to donate the remaining settlement funds, Women and Children's Hospital of Buffalo Foundation and Niagara Falls Memorial Medical Center Foundation (Docket No. 172, Defs. Atty. Decl. ¶ 3) but they do not state what manner to divide the remaining settlement fund as between these two charitable organizations. Defendant Norton Company did not suggest a charity to donate the remaining settlement.

Initially, the Court ordered distribution of the remaining settlement amount to its District Fund, cf. Uniondale Beer Co. v. Anheuser-Busch, Inc., Civ. No. 86-2400, Docket No. 450, Order of Aug. 15, 1997 (E.D.N.Y.) (see Docket No. 170, Pls. Memo. at 2, citing as example Uniondale Beer, misidentifying the case number for the action). That fund, however, is solely based upon

attorney admission fees (both full admissions and pro hac vice admissions), W.D.N.Y., Plan for the Administration of the District Court Fund, filed Apr. 14, 1993. As a result, payment of this settlement fund there is not possible. In the absence of an expressed preference by plaintiffs, the Court declines defendants Washington Mills and Exolon's suggestion and orders distribution of the remaining settlement fund to another medical foundation, the one for Roswell Park Cancer Institute. Plaintiffs' counsel shall contact that foundation, advise them of this donation, and make the necessary arrangements for donating these funds.

## CONCLUSION

For the reasons stated above (and previously stated in the last Order in this action, Docket No. 173), plaintiffs' motion authorizing disposition of the settlement fund and termination of the litigation (Docket No. 170) is **granted**. The rights of class member BCC Products, Inc., to the settlement funds **is terminated** as of the date of this Order. All claims, whether by class members or others, which may have been brought against the settlement fund **are hereby forever barred**. The Court shall retain jurisdiction of this matter to resolve any issues relating to the implementation of the terms of the Settlement until **June 30, 2010**, six months following the expiration of the last coupons. After June 30, 2010, class counsel and the claims administrator are granted permission to discard all claim files and other related records and class counsel shall be discharged from all further responsibility for the settlement fund and for this litigation as of June 30, 2010.

As soon as practicable following the thirtieth day subsequent to the date of this Order, the remaining balance of the settlement fund, $25,060.12, shall be distributed to the foundation for Roswell Park Cancer Institute. Plaintiffs' class counsel shall contact Roswell Park Cancer

3

Institute and advise them of this donation and to make the necessary arrangements for making this donation.

    So Ordered.

/s/ Hugh B. Scott<br>Honorable Hugh B. Scott<br>United States Magistrate Judge

Buffalo, New York
July 20, 2007